IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No.: 1:22-cv-02042-SKC-KAS

SCOTT MEYER,

    Plaintiff,

v.

TEN MILE ISLAND CONDOMINIUM ASSOCIATION, *et al.*

    Defendants.

---

### ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE OR LIMIT PLAINTIFF'S EXPERT TESTIMONY PURSUANT TO FED. R. EVID. 702 (DKT. 77)

---

The above-referenced Motion is now before the Court. Dkt. 77. Plaintiff timely disclosed five non-retained expert witnesses in his Rule 26(a)(2)(C) disclosures. Dkt. 77-3. The witnesses include Sarah Lyons, an investigator at the Colorado Civil Rights Division (CCRD) who signed the CCRD's March 5, 2021 Determination Letter involving Plaintiff's administrative charge of discrimination, and four of Plaintiff's treating physicians. *Id.* Defendants seek to exclude or limit the testimony of these non-retained experts.

This is a discrimination and retaliation case filed by Plaintiff Scott Meyer, a double amputee who uses a wheelchair for mobility, against his Homeowners Association and its former board president, former property manager, and former

1

property management company. In a nutshell, Plaintiff alleges that between November 2019 and June 2020, he complained to Defendants about inadequate snow removal around his residence and the associated parking area; he requested an assigned parking spot in front of his unit for his exclusive use as an accommodation to his disability; and Defendants failed to provide a reasonable accommodation and retaliated against him. *See generally* Dkt. 21. Prior to suing Defendants in this Court, Plaintiff filed a discrimination complaint against Defendants with the CCRD. That complaint resulted in a Settlement Agreement signed by Plaintiff, Defendants, and the CCRD, in December of 2021, and dismissal of the administrative case. Dkt. 77-1.

In this Court, Plaintiff brings seven claims: (1) breach of fiduciary duty; (2) discrimination under the Federal Fair Housing Act (FHA), 42 U.S.C. §§3601 et seq.; (3) retaliation under § 3617 of the FHA; (4) interference under § 3617 of the FHA; (5) violation of § 38-33.3-106.5 of the Colorado Common Interest Ownership Act (CCIOA); (6) violation of § 38-33.3-113 of the CCIOA; and (7) individual liability of Defendant Ten Mile Island Condominium Association board members under the CCIOA. For his discrimination claim, Plaintiff alleges, in sum and substance:

> Defendants, directly or through their agents, discriminated against Plaintiff Meyer on the basis of disability through their conduct and acts, *inter alia*, including delaying and denying Plaintiff Meyer's reasonable accommodation request, failing to engage in interactive dialogue required by Fair Housing Law as it pertains to reasonable accommodations, failing to adequately remediate snow and ice in front of Plaintiff Meyer's Dwelling, and in snow blowing snow where the remnants of snow would be placed in front of Plaintiff Meyer's Dwelling.

Dkt. 21, ¶78; *see also id.* at ¶¶70-83.

2

The Court has carefully considered the arguments and matters raised by the parties in their briefing on the Motion. Dkts. 77 (motion), 81 (response), 85 (reply). The Motion is GRANTED for the reasons discussed below.

## LEGAL PRINCIPLES

"The proponent of expert testimony bears the burden of showing that the testimony is admissible." *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013). A witness who qualifies as an expert by knowledge, skill, experience, training, or education may offer their opinions at trial if the proponent satisfies the court that it is more likely than not that: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702; *see also United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

Trial courts determine the reliability of expert testimony by considering whether: (1) the theory has been or can be tested or falsified; (2) the theory or technique has been subject to peer review and publication; (3) there are known or potential rates of error regarding specific techniques; and (4) the theory or approach has general acceptance. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1233 (10th Cir. 2005) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-94 (1993)). Courts use these factors to determine the admissibility of non-technical

3

expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999). And of course, expert testimony must also be relevant to be admissible. *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1082 (D. Colo. 2006); Fed. R. Evid. 401.

The district court performs an important gatekeeping function to assure expert testimony meets these requirements. *Macsenti v. Becker*, 237 F.3d 1223, 1230-34 (10th Cir. 2001). Even still, courts are mindful that "Rule 702 mandates a liberal standard" for the admissibility of expert testimony. *Cook*, 580 F. Supp. 2d at 1082. The rejection of expert testimony has proven "the exception rather than the rule." Fed. R. Evid. 702, advisory committee notes (2000 amendments). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. The decision to admit or exclude expert testimony is committed to the sound discretion of the district court. *Summers v. Missouri Pacific Railroad System*, 132 F.3d 599, 603 (10th Cir. 1997).

**A.    Sarah Lyons**

Plaintiff disclosed Lyons as an "occupational expert" as follows:

Ms. Lyons participated in the [CCRD's] investigation and probable cause determination[.] Ms. Lyons is expected to testify regarding the charge of discrimination made by Plaintiff and submitted to the CCRD, Defendants' response, Plaintiff's rebuttal, and the determination of the CCRD with respect to Plaintiff's charge[.] Ms. Lyons is expected to testify regarding the nature and extent of the CCRD's investigation, including, but not limited to, the CCRD's collection of documentary evidence, witness interviews, and other evidence from Plaintiffs and Defendants in connection with its investigation of Plaintiff's charge. Ms. Lyons is expected to testify as to the basis(es) for the CCRD's

> determinations that: (i) Plaintiff's reasonable accommodation request was delayed (and effectively denied) by Defendants; (ii) Plaintiff's accommodation requests were reasonable; (iii) Defendants' (sic) failed to engage in the interactive dialogue required by the [FHA] as it pertains to reasonable accommodations; (iv) Plaintiff was subjected to severe and pervasive harassment by Defendant Christopher King; and (v) Plaintiff was retaliated against by Defendants for engaging in protected activity.

Dkt. 77-3, p.3. Defendant argues these opinions should be precluded because they are not based on a reliable methodology and allowing testimony about the merits of the CCRD complaint is inconsistent with Colorado law, the settlement reached over the administrative complaint, and would unfairly prejudice Defendants.

Plaintiff counters that, as the individual who signed the CCRD's Determination Letter, Lyons is "adequately qualified to offer opinions regarding the CCRD's investigatory process and the factual findings and conclusions in the Determination Letter." Plaintiff claims he does not intend to call Lyons at trial to establish discrimination or retaliation, but rather, she will "testify as to the CCRD's knowledge and consideration of Plaintiff's charge, including what Defendants and their agents told the agency during the CCRD's investigatory process." He further argues that (1) Colorado law permits a trial court to admit the factual findings and the conclusions and opinions of an administrative agency and the circumstances of this case warrant admission of testimony concerning the CCRD's Determination Letter; and (2) allowing Lyons' testimony about the CCRD's factual findings and opinions is not prejudicial due to the existence of the Settlement Agreement.

5

The decision whether to exclude findings and conclusions of a civil rights agency from evidence at trial is within the sound discretion of the district court. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1075 (10th Cir. 2002). For the purposes of its ruling, the Court assumes (without deciding) that Lyons satisfies Rule 702. And while the relevance of her purported testimony is suspect, the Court also assumes her testimony and opinions are relevant to disputed issues to be tried. But even affording Plaintiff the benefit of these doubts, the Court finds Lyons' purported testimony and opinions are precluded under Fed. R. Evid. 403 because the probative value of her testimony is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403.

First, the CCRD reached its conclusions under a probable cause standard rather than the preponderance of evidence standard the jury will employ. Dkt. 77-1 ("WHEREAS, after investigation, the Division issued a decision finding probable cause to believe that discrimination occurred[.]"); Dkt. 77-3, p.3 ("Ms. Lyons participated in the [CCRD's] investigation and probable cause determination[.]"); *id.*, p.14 ("I conclude from our investigation that there is sufficient evidence to support the Complainant's claim of discrimination. As such, a Probable Cause determination is hereby issued."). The probable cause standard is a lower standard than preponderance of the evidence. *Clark v. Astrue*, 602 F.3d 140, 147 (2d Cir. 2010) (noting probable cause "is a lower standard than preponderance of the evidence"); *cf. Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983) ("[P]robable cause requires only a

6

probability or substantial chance of criminal activity, not an actual showing of such activity. By hypothesis, therefore, innocent behavior frequently will provide the basis for a showing of probable cause[.]"). The CCRD and Lyons evaluated the facts and evidence they obtained under a lesser standard. Allowing Lyons to present the CCRD's conclusions that it reached by applying a standard inconsistent with the standard that applies in a civil trial confuses the issues, risks unfair prejudice to Defendants, and has the potential to mislead the jury. Fed. R. Evid. 403.

Second, allowing Lyons to testify on the subjects Plaintiff identified risks further confusion because it is inconsistent with the CCRD's representations as a signatory to the administrative Settlement Agreement. Dkt. 77-1. There, the CCRD represented:

> 14. The Parties enter this Agreement with the express acknowledgement and understanding that there has been no admission of fact, circumstance or liability by any party relating to or regarding this case, and anything to the contrary is hereby expressly denied by all parties.
>
> 15. The Commission's participation in this Agreement does not reflect any judgment by the Commission on the merits of the Complaint[.]

*Id.*, p.5. To allow Lyons' purported testimony (1) when the CCRD has in fact acknowledged that Defendants admitted no facts, circumstance or liability, (2) when the CCRD has "expressly denied" that Defendants admitted any facts, circumstance or liability, and (3) when the CCRD has represented it has made no judgment on the

7

merits of administrative complaint, again confuses the issues, risks unfair prejudice to Defendants, and has the potential to mislead the jury. Fed. R. Evid. 403.

Finally, as other courts have found, testimony from Lyons regarding the conclusions in the Determination Letter is unduly prejudicial to Defendants because the jury may improperly defer to the CCRD's conclusions and findings, which again, were made under a lower standard. *See Tuffa v. Flight Servs. & Sys., Inc.*, 644 F. App'x 853, 855 (10th Cir. 2016) (district court did not abuse its discretion when it excluded an EEOC letter in part because the jury might be overly influenced by the letter and the EEOC applied a different standard); *Guara v. City of Trinidad*, No. 10-cv-02529-WJM-KMT, 2012 WL 3778290, at *1 (D. Colo. Aug. 31, 2012) (excluding introduction of a CCRD determination letter at trial as unduly prejudicial to defendant because the jury may improperly defer to the CCRD's findings which were made under a lower standard).

For these reasons, the Court finds Lyons' purported opinions and testimony are precluded by Fed. R. Evid. 403 because their arguable probative value is substantially outweighed by a danger of unfair prejudice to Defendants, confusing the issues, and misleading the jury.[1] This ruling aside, it may be that Lyons possesses

---

[1] While the Court struggles to see the correlation, Plaintiff also argues Lyons' testimony is necessary because of certain information Defendants failed or refused to disclose in discovery. Dkt. 81, p.9 ("[D]espite due requests by Plaintiff throughout discovery, Defendants have refused to produce the evidence they presented to the CCRD as part of the CCRD's investigatory process. Defendants have repeatedly objected to Plaintiff's discovery requests 'on the grounds that it seeks information subject to the attorney client privilege and/or work product doctrine, as well as the

information appropriate for impeachment purposes or rebuttal. The Court will keep those doors open as they may potentially arise at trial.

## B. The Four Medical Experts

Plaintiff disclosed four of his treating providers as non-retained experts. Defendant argues these experts should be excluded under Fed. R. Civ. P. 702 because Plaintiff's disability is not in dispute and these experts purport to offer opinions related to treatment Plaintiff received for his shoulder, hand, and wrist, between 2022 and 2023. Defendant continues: "The medical records disclosed make no mention of this litigation, parking or snow removal issues, or in any way link Plaintiff's physical condition to the allegations in this case or the disputed issues. Plaintiff's disability and entitled (sic) to a reasonable accommodation is not in question and testimony from these doctors . . . would cause unreasonable delay and only confuse and mislead the jury."

Plaintiff argues the testimony from these physicians is relevant to his non-economic damages, including "physical and mental pain and suffering, inconvenience, emotional stress, loss of quality of life, etc." Plaintiff continues:

> While Plaintiff's disability is obvious . . . the affect Plaintiff's pain and conditions have on his mobility and emotional well-being are not just as obvious. Plaintiff's statements describing the difficulty and physical pain he experiences propelling his manual wheelchair through heavy snow are admissible only to the extent the statements describe his

---

information discussed by the parties in the CCRD settlement negotiations.'"). But that appears to be a discovery dispute Plaintiff never raised. And ultimately, based on the Court's Rule 403 findings, allowing Lyons' testimony as a remedy for the phantom discovery dispute is a *non sequitur*.

>subjective experience. Plaintiff's medical providers will therefore provide helpful insight to the jury regarding the increase in and exacerbation of Plaintiff's pain and physical symptoms, both of which are temporally correlated with Plaintiff's requests for additional snow removal.

Dkt. 81, pp.11-12.

The Court finds the opinions from these experts will not help the trier of fact to understand the evidence or to determine a fact in issue regarding Plaintiff's non-economic damages, and the opinions do not reflect a reliable application of the principles and methods to the facts of the case. Fed. R. Evid. 702(a). First, as Plaintiff indicated in his Response opposing the Motion, Plaintiff will himself testify at trial regarding the difficulty and physical pain he experienced propelling his wheelchair through heavy snow, and any exacerbation he experienced to his pain and suffering as caused by Defendants' acts or omissions. Plaintiff does not indicate he claims non-economic damages from any diagnosed mental or other conditions, and therefore, the testimony of these non-retained experts would do little to help the jury and would also be cumulative of Plaintiff's own testimony. Fed. R. Evid. 403. Thus, even were the Court to assume the relevance of these non-retained experts' testimony, its probative value would be substantially outweighed by the danger of unfair prejudice. *Id*.

To be sure, the Court has reviewed Plaintiff's expert disclosures and the summaries of the facts and opinions to which each medical provider is expected to testify. Dkt. 77-3. The testimony of each of the four medical providers involves

10

treatment or care they provided Plaintiff in 2022 or 2023, years after the disputed issues in this case which occurred between November 2019 and June 2020. Each medical providers' proffered testimony covers care and treatment provided to Plaintiff for various medical conditions he suffered unassociated with the disputed issues in this case, such as carpel tunnel syndrome and shoulder pain. Compare those opinions to Plaintiff's description of his non-economic damages from the Scheduling Order, *to wit*: "Plaintiff suffered significant emotional distress from Defendants' discriminatory and retaliatory conduct, including significant anxiety from repeatedly being denied requests for reasonable accommodation, being told (sic) move out of the Association because of his disability, and having to utilize common areas that were in dangerous conditions due to Defendants' acts and omissions." Dkt. 40, p.6. And based on the summary of the four medical providers' testimony, none of their opinions reference any of the facts or events involved here. As a result, these opinions appear to have an attenuated connection to the facts of this case and the non-economic damages Plaintiff claims, further demonstrating their unhelpfulness to the jury and their lack of reliable application of principles and methods to the facts of this case.

For these reasons, the Court finds the proffered opinions of the four medical providers are precluded by Fed. R. Evid. 702. In the alternative, even assuming Plaintiff met its burden to satisfy Rule 702 with these experts, and assuming the relevance of their testimony, it would still be precluded under Fed. R. Evid. 403 because the arguable probative value is substantially outweighed by a danger of

11

unfair prejudice to Defendants, confusing the issues, misleading the jury, and it would be unnecessarily cumulative.[2] This ruling aside, one or more of the medical providers' testimonies may be appropriate for rebuttal purposes. The Court will also keep this door open as it may potentially arise at trial.

* * *

For the reasons shared above, the Court GRANTS the Motion and ORDERS that the testimony of Sarah Lyons and the five non-retained experts from Plaintiff's Fed. R. Civ. P. 26(a)(2) Disclosure (Dkt. 77-3) shall be excluded from trial, other than as might be appropriate for impeachment or rebuttal purposes.

DATED: May 2, 2024

BY THE COURT:

_____

S. Kato Crews
United States District Judge

---

[2] Defendant raises that the Scheduling Order limited the parties to only two experts. Plaintiff claims that limitation was only on retained experts. But this appears to be a discovery dispute Defendants never raised. *See, supra* n.1. Seeing as both sides have sat on discovery issues to only raise them in the context of this Motion, counsel is advised that this Court expects all litigants to timely raise discovery disputes with the magistrate judge in this and every case. The waiting game hints at sandbagging. In the future, failure to timely raise discovery disputes with the magistrate judge risks waiver of arguments or relief a party might otherwise be entitled to, or sanctions.