IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Case No. 1:22-cv-02042-SKC-KAS

SCOTT MEYER,

    Plaintiff,

v.

TEN MILE ISLAND CONDOMINIUM ASSOCIATION, *et al.*,

    Defendants.

**ORDER RE CROSS-MOTIONS
FOR SUMMARY JUDGMENT (DKTS. 86, 87)**

    Plaintiff Scott Meyer owns a condominium in the Ten Mile Island Condominium Association (TMI) in Frisco, Colorado. Dkt. 97-1, ¶¶1,3.[1] Due to a crush injury sustained when he was a teenager, Plaintiff utilizes a wheelchair for mobility. Dkt. 96-10, ¶¶1, 2, 4. In 2006, TMI gave Plaintiff permission to add a movable disabled parking sign to the parking spot closest to his condominium unit. Dkt. 97-1, ¶9.

    In November 2019, Plaintiff emailed the TMI Board of Directors regarding his concerns that the parking lot had not been plowed for snow, and that this failure was

---

[1] Having reviewed the Parties' submissions and accompanying evidence, the Court finds the following facts to be material and undisputed.

1

out of line with the HOA's obligations. *Id.* at ¶28. In February 2020, Plaintiff requested that the parking spot outside of his unit be assigned to him for his exclusive use. *Id.* at ¶34. In addition, he requested snow removal after a large snow that same month. *Id.* at ¶37.

In May 2020, Plaintiff filed a Colorado Civil Rights Division (CCRD) and U.S. Department of Housing and Urban Development (HUD) Complaint related to his request for a parking spot accommodation and his complaints of inadequate snow removal and retaliation. *Id.* at ¶52. To avoid the costs of litigation, on December 21, 2021, the Parties and the CCRD entered a settlement agreement to resolve the matters raised by Plaintiff's CCRD/HUD complaint. Dkt. 97-1, ¶¶61-62.

Despite the settlement agreement, Plaintiff filed this action on August 11, 2022, asserting claims under Colorado statutes and common law and the Federal Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*. Dkts. 1, 21. After a period of discovery, both Plaintiff and Defendants moved for summary judgment in their favor. Dkts. 86, 87. Plaintiff seeks partial summary judgment that Defendants violated the Fair Housing Act when they unreasonably denied his request for a reasonable accommodation and then retaliated against him for making the request. Dkt. 87. On the other hand, Defendants seek judgment in their favor based on, *inter alia*, the settlement reached during the CCRD conciliation proceedings. Dkt. 86.

The Court has reviewed the Motions, Responses, Replies, the statements of undisputed facts in support of each Motion, the evidence, and the entire case file. No

hearing is necessary. Because the Court concludes the parties' earlier settlement agreement precludes Plaintiff's claims in this case, Defendants' Motion is GRANTED and Plaintiff's Motion is DENIED AS MOOT.

## STANDARD OF REVIEW

The purpose of summary judgment is to assess whether a trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary judgment is appropriate "when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the "responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, then the nonmoving party must identify material facts showing there is a genuine dispute for trial. *Id.* at 324. A fact is "material" if it has the potential to affect the outcome of a dispute under applicable law. *Ulissey v. Shvartsman*, 61 F.3d 805, 808 (10th Cir. 1995). An issue is "genuine" if a rational trier of fact could find for the nonmoving party on the evidence presented. *Adams v. Am. Guarantee & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000). In performing this analysis, the factual record and any reasonable inferences from it are construed in the light most favorable to the nonmoving party. *Id.*

Moreover, when the Court is faced with cross-motions for summary judgment, the "filing of cross motions does not mean that the material facts are undisputed even

3

if the parties focus on the same claim or defense." *In re Ribozyme Pharm., Inc. Secs. Litig.*, 209 F. Supp. 2d 1106, 1112 (D. Colo. 2002). And denying one does not automatically require granting the other. Where, as here, the parties have filed cross-motions for summary judgment (at least in part), the motions must be treated separately. *See Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1147 (10th Cir. 2002) (quoting *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979)).

## ANALYSIS AND FINDINGS

During the CCRD proceedings, the Parties participated in the CCRD's conciliation process.[2] Dkt. 97-1, ¶61. Although they ultimately did not enter a

---

[2] The CCRD describes its conciliation process in this way:

> Conciliation is a type of Alternative Dispute Resolution (ADR) which can help parties who are involved in a discrimination complaint reach a settlement agreement. If the Colorado Civil Rights Division's Director issues a Probable Cause determination regarding any of the claims asserted in the complaint at issue, both the Complainant and Respondent are required by Colorado law to participate in a conciliation session with the Division.
>
> Our conciliators help the parties in their attempts to reach a voluntary settlement agreement and vindicate the public interest regarding the Division's Probable Cause determination. Conciliation is a practical and useful form of ADR that is available at no cost to the parties. During conciliation, the parties are given the opportunity to try and reach a mutually acceptable settlement in a controlled setting with the aid of a neutral conciliator.
>
> Although not required, reaching a settlement during conciliation has many advantages. These benefits include, but are not limited to:

conciliation agreement, Plaintiff, Defendants, and the CCRD signed a binding Settlement Agreement. *Id.* Pertinent here, the Settlement Agreement stated:

> 1.   Pursuant to 42 U.S.C. § 3610(f)(2), this Agreement constitutes closure of the complaint dual filed with the U.S. Department of Housing and Urban Development (HUD).
>
> \*   \*   \*
>
> 13.   By approval and execution of this Agreement, the [CCRD] agrees that the Complaint filed in the above-captioned matter will be dismissed with prejudice and *[Defendants] will be released from any and all claims brought thereunder*. To the extent allowable by law, the release has no effect on any parties' claims and/or defenses that exist *outside the proceedings*, including but not limited to any future civil claims to be brought by Complainant in the United States Federal Court and/or Colorado State Court or any other court of competent jurisdiction.

Dkt. 86-1, ¶¶1, 13 (emphasis added). Defendants contend, based on this language, that the present action is barred because all the claims in this case arise out of the same facts and circumstances covered by the CCRD Settlement Agreement.[3] Dkt. 86, pp.4-5.

---

- Saving time and costs
- Avoiding hearings or potential court proceedings.
- Providing input in resolving the complaint of discrimination
- Attaining peace of mind that this matter is resolved

https://ccrd.colorado.gov/settle-my-case (last accessed 09/23/2025).

[3] Defendants also contend that to the extent Plaintiff's claims are based on allegations from before 2015, they are barred by the statute of limitations. Dkt. 86, p.5. In his Response, Plaintiff does not offer any argument regarding the applicability of the statute of limitations to allegations predating 2015. Dkt. 92, pp.3-5. Thus, the Court considers that matter to be confessed.

5

In his Response, Plaintiff contends he is not prohibited from bringing these claims because the statutory bar applies only to conciliation agreements. Dkt. 92, pp.3-4. He also argues his federal claims are not prohibited because the CCRD was the only governmental agency signatory to the agreement and the Secretary of HUD was not involved in the resolution of the discrimination charges.[4] *Id*. The Court is not persuaded.

First, while it may be true the FHA statutory bar regarding conciliation agreements does not apply in this case, that's beside the point because the language of the Settlement Agreement controls. The plain and unambiguous language of the agreement states that by signing it Defendants would be "released from *any and all claims* brought thereunder." Dkt. 86-1, ¶13 (emphasis added). "Any and all claims" plainly and unambiguously includes federal claims filed under the FHA or otherwise arising under the same underlying and operative facts. And it is of no moment that the Secretary of HUD did not sign the agreement, because, by signing it, Plaintiff

---

[4] In the statements of (un)disputed material facts, Plaintiff suggests the parties entered the Settlement Agreement with the understanding that Plaintiff could pursue monetary damages through litigation. Dkt. 97-1, ¶62. But he cites no evidence to support this contention. And further, the Court cannot conceive how such an arrangement would afford Defendants the benefit of their bargain. That is, the parties entered the agreement with a specific purpose of avoiding the costs and vagaries of litigation. It strains credulity to suggest the agreement nevertheless allows a party to incur the costs of litigation when brought for monetary relief, but not injunctive relief. And in any event, the language of the agreement belies the notion.

6

agreed that the resolution of the CCRD matter would also result in the closure of his dual-filed HUD complaint. *Id.* at ¶1.

In this case, the undisputed material facts show the parties willingly entered the Settlement Agreement under the above terms.[5] "A settlement agreement is a contract between two parties. The law favors compromise and settlement and such a resolution will typically be sustained by the court." *Citywide Bank of Denver v. Herman*, 978 F. Supp. 966, 977 (D. Colo. 1997) (citing *R.T.C.v. Avon Center Holdings, Inc.*, 832 P.2d 1073, 1075 (Colo. App. 1992)). Thus, to the extent Plaintiff's claims arise from the same set of operative facts supporting the CCRD proceedings, they are barred by the clear terms of the Settlement Agreement.

Apparently acknowledging the limitations imposed by the agreement, Plaintiff argues that his Second Amended Complaint "involves a broader array of discrimination allegations [than] those resolved in his CCRD charge, including TMI's ongoing retaliation and failure to provide the [agreed upon] reasonable accommodations." Dkt. 92, p.4. To be sure, the Settlement Agreement does state it has no effect on the parties' ability to bring claims or assert defenses on matters existing *outside* the proceedings. Dkt. 86-1, ¶13. But Plaintiff's contention that any

---

[5] In passing, Plaintiff suggests he was coerced into signing the agreement. Dkt. 92, p.4; Dkt. 97-1, ¶65. But he also expressly states he is not challenging the validity of the Settlement Agreement as a whole. Dkt. 96, p.4. n.1. His internal inconsistency does nothing to alter the Court's findings regarding the release of claims he signed.

7

such claims are at issue in this case are contradicted by the Second Amended Complaint.

The Court has carefully reviewed the Second Amended Complaint. It simply does not contain any allegations regarding TMI's alleged ongoing retaliation or its purported breach of the Settlement Agreement. Indeed, the Settlement Agreement is not mentioned in the pleading at all. Rather, the allegations underlying the claims are exactly those at issue in the CCRD proceedings. While issues regarding breach of the agreement and ongoing retaliation may have arisen during discovery, Plaintiff never moved to amend his pleading, and he may not do so now. Thus, the only causes of action raised in this matter are the same issues resolved in the CCRD proceedings and the resulting Settlement Agreement.

*   *   *

For the reasons shared above, the Court concludes Plaintiff's claims for relief are precluded by the CCRD Settlement Agreement. Consequently, the Court GRANTS Defendants' Motion for Summary Judgment and respectfully DENIES AS MOOT Plaintiff's Motion.

The Clerk of Court shall enter judgment in favor of Defendants, who are entitled to an award of their costs, and close this case.

DATED: September 24, 2025.

BY THE COURT:

_____

S. Kato Crews
United Stated District Judge